IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| VINCENT K. BRAY, § | | |
| TDCJ-CID # 911372, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. V-04-016 | |
| § | | |
| DOUG DRETKE, et al., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Vincent K. Bray, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights suit under 42 U.S.C. § 1983 against TDCJ-CID Director Doug Dretke, TDCJ-CID Warden Brad Casal, and Disciplinary Captain Wallace. Having examined the complaint, the court has determined that this action should be dismissed as frivolous.

Bray complains that he was forced to submit blood samples for DNA testing while he was incarcerated at the TDCJ-CID Stevenson Unit. He contends that he does not meet the criteria for collecting samples. Bray alleges that he was charged with refusing to obey an order when he initially refused to consent to the procedure without a search warrant from a judge. Warden Casal approved the charge noting that Bray is in prison for aggravated assault with a deadly weapon which is a crime which qualifies for DNA testing. Captain Wallace found Bray guilty in a disciplinary proceeding and imposed the following punishments: (1) reduction in time earning classification; (2) a forfeiture of good-time credit; and (3) restrictions on numerous privileges . Before the conclusion of the disciplinary hearing, Captain Wallace threatened Bray with a subsequent charge  if he

continued to resist efforts to take a sample.  Captain Wallace also told Bray that he would be transferred to the TDCJ-CID Walls Unit where TDCJ-CID officials would physically restrain him in order to carry out the testing procedure.  After considering the threat of force and the unavoidable outcome, Bray submitted to the testing.  Bray asserts that TDCJ-CID has given these samples to other law enforcement agencies including the Texas Department of Public Safety and that these agencies have posted the results on their internet database.

Bray seeks $ 1,000,000.00 in damages.  He also seeks an injunctive order mandating the cessation of such testing and the removal of his records from the Texas Department of Public Safety's database.

Bray's complaint concerns his right to privacy under the Fourth Amendment.  *See Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).  The Supreme Court has held that inmates do not have a legitimate expectation of privacy while they are incarcerated.  *Hudson v. Palmer*, 104 S.Ct. 3194 (1984).  The Supreme Court has also observed that the taking of blood samples for testing and analysis has become an accepted practice in everyday life.  *Skinner v. Railway Labor Executives' Ass'n*,  109 S.Ct. 1402, 1418 (1989), *citing Breithaupt v. Abram*, 77 S.Ct. 408, 410 (1957) .

The TDCJ-CID officials collected Bray's sample under TEX. GOVT. CODE ANN. § 411.148.  The Fifth Circuit has upheld the constitutionality of this statute.  *See Velasquez*, 329 F.3d at 421.  Moreover, other circuits have upheld similar statutes authorizing the collection of DNA data from felons.  *Id*. *citing Roe v. Marcotte,* 193 F.3d 72, 78-82 (2nd Cir.  1999); *Shaffer v. Saffle,* 148 F.3d 1180, 1181 (10th Cir.1998); *Rise v. Oregon,* 59 F.3d 1556, 1559-62 (9th Cir. 1995); *Jones v. Murray*, 962 F.2d 302, 306-08 (4th Cir. 1992).

Bray has clearly failed to assert a claim regarding Captain Wallace's words and deeds. Wallace only threatened to use force that was needed to carry out the procedure which Bray was resisting adamantly. Prison officials may use such force when it is necessary to collect blood or tissue samples. *See United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995) (jail inmate forcibly restrained while medical personnel obtained blood and hair samples from him for criminal investigation). Further, mere verbal threats are not actionable. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997), *citing Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993).

The disciplinary measures taken against Bray are not actionable either. A prisoner can only challenge prison administrative punishments that are atypical and significant in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 115 S.Ct. 2293, 2300 (1995). A mere loss of privileges does not establish a federal civil rights claim. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Bray's alleged missed opportunity to earn good time credit fails to provide any legal basis for a claim against the defendants. *Id*. at 959.

Bray's claim regarding the loss of good-time cannot be pursued in this action because such a claim must be brought in a habeas proceeding challenging the fact or length of confinement. *Edwards v. Balisok*, 117 S.Ct. 1584, 1589 (1997). He cannot seek relief under § 1983 until he successfully overturns the disciplinary action in a properly filed habeas action. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), *citing Heck v. Humphrey*, 114 S.Ct. 2372 (1994).

Bray's allegations against Warden Casal are not actionable because Casal was merely supporting his subordinate's enforcement of a legitimate statute. Neither Casal nor Dretke can be held liable merely because they were in charge of employees who were carrying out their legitimate duties. *See Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996).

The federal courts are authorized to screen and dismiss frivolous complaints filed by prisoners. 28 U.S.C. § 1915(e); *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998). This action is frivolous because it lacks an arguable basis in law. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

### Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The TDCJ-CID Inmate Trust Fund shall The TDCJ-CID Inmate Trust Fund shall withdraw $ 24.00 from the Bray's inmate trust account. Thereafter, the Inmate Trust Fund shall deduct 20 percent of each deposit made to Bray's account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire fee ($ 150.00) has been paid.

3. This action, filed by Vincent K. Bray, TDCJ-CID # 911372, is **DISMISSED** because it is frivolous. 28 U.S.C. § 1915(e).

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number Fax Number (936) 437-4793 and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas  75702.

**SIGNED** on this  20th day of December, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE